# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| LORI A., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> **Acting Commissioner of Social Security** <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 1:21-cv-00101-JCB <br><br> Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case have consented to Judge Jared C. Bennett conducting all proceedings, including entry of final judgment.[1] Before the court is Plaintiff Lori A.'s ("Plaintiff") motion for an award of fees[2] under the Equal Access to Justice Act ("EAJA").[3] Based upon the analysis set forth below, Plaintiff's motion is granted in part and denied in part, and Plaintiff is awarded $5,006.18 in EAJA fees and $24.52 in expenses.

## BACKGROUND

On July 16, 2021, Plaintiff filed her complaint in this case[4] seeking review of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining

---

[1] ECF No. 12.

[2] ECF No. 31.

[3] 28 U.S.C. § 2412.

[4] ECF No. 4.

that Plaintiff was not entitled to Disability Insurance Benefits under Title II of the Social Security Act.[5] After the Commissioner filed an answer[6] and the administrative record,[7] Plaintiff filed her motion for review of agency action on April 1, 2022.[8] Plaintiff's motion argued that substantial evidence did not support the Commissioner's final decision because the Administrative Law Judge ("ALJ") considered Plaintiff's mental impairments only at step two of the Commissioner's five-step evaluation process and failed to conduct a separate, more detailed assessment of Plaintiff's mental impairments when determining Plaintiff's residual functional capacity ("RFC"). On July 26, 2022, the court reversed the Commissioner's decision and remanded the case for further proceedings.[9]

Plaintiff now moves for fees under EAJA.[10] Plaintiff seeks an EAJA award of $7,469.70 and an award of expenses in the amount of $24.52. The Commissioner objects to an award of EAJA fees and expenses to Plaintiff "because there was a reasonable basis in law and fact for [the Commissioner's] position on the issue that led to remand."[11] Alternatively, if the court were to find that the Commissioner's position was not substantially justified, the Commissioner argues that Plaintiff's requested EAJA fee award should be reduced because the claimed hours of

---

[5] 42 U.S.C. §§ 401–434.

[6] ECF No. 14.

[7] ECF Nos. 15–16, Administrative Record, ("AR ___ ).

[8] ECF No. 25.

[9] ECF Nos. 29, 30.

[10] ECF No. 31.

[11] ECF No. 32 at 1.

Plaintiff's attorney and paralegals (collectively "Legal Team") are unreasonable.[12] Either way, the Commissioner objects to Plaintiff's request for $24.52 in expenses as non-reimbursable under 42 U.S.C. § 1920 because Plaintiff is proceeding in forma pauperis in this matter.[13] In her reply, Plaintiff seeks not only her original requested award of EAJA fees and expenses but also an additional EAJA fee award of $1,033.97 for drafting the reply.[14] Thus, Plaintiff requests a total EAJA fee award of $8,503.67.

**ANALYSIS**

Under the EAJA, Plaintiff is entitled to an award of attorney and paralegal fees[15] if: "(1) [she] is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust."[16] Where, as here, a Social Security disability claimant obtains a remand pursuant to 42 U.S.C. § 405(g), she is a prevailing party for purposes of EAJA.[17] The Commissioner does not assert

---

[12] *Id.* at 9–11.

[13] *Id*. at 11.

[14] ECF No. 33 at 8.

[15] *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 521 (10th Cir. 1993) (concluding that reasonable hours for work performed by non-attorneys, such as paralegals, are recoverable under the EAJA).

[16] *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)); *see also* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.").

[17] *Hackett*, 475 F.3d at 1168.

any special circumstances that would make an award of fees unjust. Accordingly, the only issue in dispute is whether the Commissioner's position was substantially justified.

As shown below, the court determines that the Commissioner's position was not substantially justified because the ALJ, despite acknowledging the requirement to assess Plaintiff's mental impairments when crafting Plaintiff's RFC, failed to do so. However, the court also shows that Plaintiff's EAJA fee request is unreasonable because her Legal Team's claimed hours are excessive. Therefore, the court reduces those hours and, consequently, Plaintiff's requested EAJA fee award. Finally, the court grants Plaintiff's request for $24.52 in expenses for certified mailing of the summons and complaint because this is not identified as a non-reimbursable cost under 42 U.S.C. § 1920.

### I. The Commissioner's Position Was Not Substantially Justified

The Commissioner's litigation position was not substantially justified. The Commissioner bears the burden of demonstrating that her position was substantially justified.[18] When the court reviews a request for EAJA fees, "it considers (among other things) whether the government's litigating position enjoyed substantial justification in fact and law; that is, whether its litigating position was *reasonable* even if wrong."[19] "[I]t does not necessarily follow from [a] decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification."[20] Importantly, in the context of Social Security appeals, the "position of the United States" refers to both "the position of the ALJ" and "the position of the government in

---

[18] *Harrold v. Astrue,* 372 F. App'x 903, 904 (10th Cir. 2010) (internal quotations and citations omitted).

[19] *Madron v. Astrue,* 646 F.3d 1255, 1257 (10th Cir. 2011).

[20] *Id.* at 1258.

a subsequent civil action/appeal before a district court[,]" each of which must be substantially justified.[21] Although the government's litigation position may "cure" an ALJ's errors, this exception applies "when the Commissioner reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless."[22] However, as discussed below, it was an unreasonable litigation position for the Commissioner to rely on Tenth Circuit decisions applying harmless error.

Before addressing the Commissioner's specific arguments, the court first summarizes its ruling on the issue of whether the ALJ performed "a more detailed assessment"[23] of Plaintiff's mental impairments when determining Plaintiff's RFC, as required by the regulations.[24] The court determined that the ALJ's RFC assessment failed to provide any discussion of Plaintiff's mental impairments or any limitations resulting from those impairments.[25] The Commissioner contended that reversal and remand were not required because: (1) the ALJ's step-two findings did not mandate inclusion of any mental limitations in Plaintiff's RFC; (2) the ALJ's discussion at step two provided substantial evidence to support the ALJ's RFC determination; (3) *Suttles*[26] permitted the court to affirm; and (4) this case was distinguishable from *Wells*.[27]

---

[21] *Hackett*, 475 F.3d at 1173; *see also* 28 U.S.C. § 2412(d)(2)(D).
[22] *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016).
[23] SSR 96-8p, 1996 WL 374184, at *4.
[24] 20 C.F.R. § 404.1545(a)(2).
[25] ECF No. 29 at 8.
[26] 543 F. App'x 824.
[27] 727 F.3d 1061.

First, although the court agreed with the Commissioner's assertion that the ALJ's step-two findings did not mandate corresponding mental limitations in Plaintiff's RFC,[28] the court noted that this is a separate issue from the requirement that the ALJ consider Plaintiff's mental limitations when crafting the RFC.[29] Nothing in the RFC assessment indicated that the ALJ considered Plaintiff's mental impairments at that step in his analysis.[30] Therefore, the court found that the Commissioner's first argument did not address the specific error the ALJ committed in this case.[31] An argument from the Commissioner that fails to address the ALJ's error cannot cure it and, therefore, cannot be substantially justified.

Second, the Commissioner did not cite any authority supporting the proposition that an ALJ's analysis at step two can constitute substantial evidence to support the ALJ's RFC assessment. Moreover, the court noted that "the Commissioner's position runs contrary to the Commissioner's own policy interpretation indicating that the criteria used at steps two and three 'are not an RFC assessment' and that '[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment.'"[32] Thus, the ALJ recognized this requirement[33] but failed to comply with it. A decision in which the ALJ expressly recognized what the law required but failed to comply therewith lacks a reasonable basis in law.

---

[28] ECF No. 29 at 9.

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] ECF No. 29 at 9 (quoting SSR 96-8p, 1996 WL 374184, at *4).

[33] AR 26.

Third, the Commissioner improperly relied on *Suttles*. Specifically, the Commissioner contended that the ALJ in this case, as in *Suttles*, recognized that a separate mental RFC assessment was required and did not make any statements indicating that he was using his step two findings to substitute for an adequate RFC analysis. However, the court determined that this argument ignored a critical difference between the instant case and *Suttles*: "namely, that the ALJ in *Suttles* included *some* discussion of the plaintiff's mental impairments when crafting the RFC."[34] The court noted that *some* discussion of mental impairments contained in the RFC determination allowed a reviewing court to affirm the ALJ's decision. Here, however, the ALJ failed to include *any* such discussion in the RFC assessment despite stating that he would engage in that very analysis at the RFC stage.[35] By so stating, the ALJ tacitly conceded that his mental health analysis at step two was insufficient to address mental health limitations in the RFC. *Suttles* does not rescue the ALJ's decision here and arguing that it does is inconsistent with that authority, which precludes reliance on *Suttles* from providing substantial justification here.

Finally, the Commissioner maintained that the ALJ in this case acted properly because, unlike the ALJ in *Wells*, the ALJ did not include any language in his decision suggesting that he relied upon his finding of non-severity at step two to support his RFC assessment. However, even assuming the ALJ did not rely on his finding of non-severity at step two to support his RFC assessment, the ALJ's *only* discussion of Plaintiff's mental impairments occurred at step two.[36]

---

[34] ECF No. 29 at 11.

[35] *Id.*

[36] *Id.* at 13.

This was reversible error.[37] Thus, the court concluded that remand was necessary because the ALJ considered Plaintiff's mental impairments only at step two and failed to conduct a separate, more detailed assessment of Plaintiff's mental impairments when determining Plaintiff's RFC.[38]

Now, in opposition to Plaintiff's motion for EAJA fees, the Commissioner contends that her litigation position was substantially justified because she relied on a series of Tenth Circuit decisions applying "harmless error."[39] The Commissioner submits that it was not unreasonable to request the court to be guided by "common sense, not technical perfection"[40] and to read the ALJ's decision "as a whole"[41] in determining whether the ALJ properly considered Plaintiff's mental impairments. However, a harmless error argument is unreasonable where, as here, the ALJ recognized what the law required and what he still needed to do to comply therewith but then neglected to provide the analysis addressing those legal requirements. "[A] litigation position that contravenes agency regulations and judicial precedent is not legally reasonable and thus cannot be substantially justified."[42] Further, the Commissioner attempts to convince the court that the ALJ's position was "poorly explained . . . [and] remand [was] the most appropriate vehicle for elucidating that position."[43] Thus, the Commissioner wants the court to find that the ALJ's "failure to provide an adequate explanation for his findings does not establish that a denial

---

[37] *Id.*

[38] *Id.*

[39] ECF No. 32 at 5.

[40] *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

[41] *Wall v. Astrue*, 561 F.3d 1048, 1052, 1069 (10th Cir. 2009).

[42] *Davis v. Comm'r of Soc. Sec.*, No. 2:20-cv-02300-JWL, 2022 WL 1763389, at *4 (10th Cir. 2022).

[43] *Hays v. Berryhill*, 694 F. App'x 634, 638 (10th Cir. 2017).

of benefits lacked substantial justification."[44] However, the court concludes that this was not a "remand for clarification" like that in *Hays*.[45] Rather, this was a remand based on a mischaracterization of Tenth Circuit legal authority and the Commissioner's own policy interpretation. Accordingly, the ALJ's decision did not have a reasonable basis in law or fact and the Commissioner's position was not substantially justified. Plaintiff is therefore entitled to an award of attorney fees under the EAJA.

## II. Plaintiff's EAJA Fee Request is Unreasonable

Plaintiff is entitled to an award of fees under the EAJA. However, the court finds that Plaintiff's EAJA fee request is unreasonable because her Legal Team's claimed hours are excessive. Therefore, the court reduces those hours and, consequently, reduces Plaintiff's EAJA requested fee award.

When awarding fees under the EAJA, the court has "substantial discretion in fixing the amount of [the] award."[46] Once a plaintiff has satisfied the requirements for entitlement to an EAJA fee award, the court employs the lodestar method to determine a reasonable fee.[47] Under that method, "the district court must calculate the 'lodestar,' which is the reasonable number of hours spent on the litigation multiplied by a reasonable hourly rate. The party requesting attorney

---

[44] *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 727 (6th Cir. 2014).

[45] 694 F. App'x at 636.

[46] *Comm'r, Immigr. & Naturalization Serv. v. Jean*, 496 U.S. 154, 163 (1990).

[47] *Id.* at 161 (providing that "once a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as" the lodestar method described in *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983)); *see also Safa H. v. Saul*, No. 2:19-CV-00387-JCB, 2021 WL 842583, at *1 (D. Utah Mar. 4, 2021).

fees bears the burden of proving the number of hours spent on the case and the appropriate hourly rates."[48]

The Commissioner does not take issue with Plaintiff's counsel's claimed hourly rate of $229.77 for 2021 and $244.46 for 2022 or with Plaintiff's paralegals' claimed hourly rate of $100.00. Further, the court notes that these rates are consistent with rates awarded to Plaintiff's counsel and paralegals in another recent case in this court.[49] Accordingly, the court accepts those hourly rates as reasonable.

Although Plaintiff's Legal Team's claimed hourly rates are reasonable, the Commissioner requests that, if the court finds that the Commissioner's position was not substantially justified, the court assess the reasonableness of their claimed hours and, additionally, that the court deny Plaintiff's request for $24.52 in expenses. After analyzing these issues below, the court awards Plaintiff $5,006.18 in EAJA fees and awards Plaintiff $24.52 in expenses.

    A.  <u>Reasonableness of Plaintiff's Legal Team's Claimed Hours</u>

Plaintiff's Legal Team's claimed hours are excessive. In analyzing the reasonableness of claimed attorney and paralegal hours, the court considers whether: (1) the hours are supported by adequate billing records; (2) the attorney has exercised billing judgment; and (3) the hours expended on each task are reasonable.[50] Each consideration is addressed below.

---

[48] *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000) (citations omitted).

[49] *Hardister v. Kijakazi*, No. 1:21-CV-50 DBP, 2022 WL 2304284, at *3 (D. Utah June 27, 2022) (applying hourly rate of $229.77 for Plaintiff's counsel and hourly rate of $100.00 for Plaintiff's counsel's paralegals).

[50] *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998).

1. Billing Records

In assessing billing records, "[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[51] Here, Plaintiff's counsel has submitted sufficiently detailed billing records.[52]

2. Billing Judgment

Next, the court must ensure that the party's counsel has "exercised billing judgment."[53] "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended. Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable."[54]

Plaintiff's counsel has generally exercised adequate billing judgment, with the exception of billing time for certain clerical tasks[55] that the *Hardister* court found were not compensable

---

[51] *Id.*

[52] ECF No. 31-2; 31-3; 31-4; 31-5.

[53] *Case,* 157 F.3d at 1250 (quotations and citations omitted).

[54] *Id.* (citations omitted).

[55] *See, e.g.*, ECF No. 31-2 at 2–4 (0.1 hours on 07/20/2021 for "Review summons issued electronically as to USAO"; 0.6 hours on 09/01/2021 for "Federal Court-Service of Process-prepare service packets to USAO, OGC, AG"; 0.1 hours on 09/08/2021 for "Review notice of appearance by Amanda A. Berndt o/b/o Commissioner of SS" 0.1 hours on 11/04/2021 for "Review notice of appearance by M. Thayne Warner o/b/o Commissioner of SS"; 1.1 hours on 12/20/2021 for "Combine, Strip PDF/A, OCR & Live Bookmark Federal Court Transcript (1126 pages)"; 0.1 hours on 04/26/2022 for "Note substitution of counsel re: James L. Burgess replacing M. Thayne Warner o/b/o Commissioner of SS").

under the EAJA.[56] Importantly, Plaintiff's counsel represented the plaintiff in *Hardister*, and Plaintiff's motion for EAJA fees in this case was filed after the *Hardister* court rendered its decision. Thus, Plaintiff's counsel should have been aware that eliminating the claimed hours for those clerical tasks was appropriate here. But Plaintiff's counsel did not do so. Consequently, the court will reduce those hours when considering the reasonableness of the claimed hours below.

   3. Reasonableness of Hours Expended on Each Task

Finally, the court "look[s] at the hours expended on each task to determine if they are reasonable."[57] The court "approach[es] this reasonableness inquiry much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients."[58] The court may reduce counsel's hours "if they include 'hours that were unnecessary irrelevant[,] and duplicative.'"[59] "[T]he overriding consideration [is] whether the attorney's hours were 'necessary' under the circumstances."[60] In making the reasonableness determination, the court "considers the following factors: (1) 'the complexity of the case,' (2) 'the number of reasonable strategies pursued,' (3) 'the responses necessitated by the maneuvering of the other side,' and (4)

---

[56] *Hardister*, 2022 WL 2304284, at *3 ("[S]tandard clerical tasks are not compensable under the EAJA"); *see also Richards v. Kijakazi*, No. CIV-20-629-AMG, 2022 WL 5245307, at *2 (W.D. Okla. May 16, 2022) ("Clerical services are not compensable under the EAJA."); *Stone v. Kijakazi*, No. CIV-20-914-AMG, 2021 WL 9827079, at *3 (W.D. Okla. Dec. 1, 2021) (same).

[57] *Case*, 157 F.3d at 1250.

[58] *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quotations and citation omitted)

[59] *Utah Physicians for a Healthy Env't, Inc. v. Diesel Power Gear, LLC*, No. 2:17-CV-00032-RJS, 2021 WL 254268, at *3 (D. Utah Jan. 26, 2021) (quoting *Case*, 157 F.3d at 1250).

[60] *Robinson*, 160 F.3d at 1281.

'the potential duplication of services.'"[61] Additionally, the court considers the twelve factors in *Johnson v. Georgia Highway Express, Inc.*[62] Below, the court first addresses the four factors set forth in *Case*, followed by the twelve factors in *Johnson*. Based on its consideration of those factors, the court concludes that some of Plaintiff's Legal Team's claimed hours are not reasonable.

Turning to the first *Case* factor, this is not a complex case. Plaintiff's complaint is 4 pages long and is substantively identical to other complaints Plaintiff's counsel has filed in this court.[63] Additionally, Plaintiff's motion for review of agency action raised only one issue, which was not novel from a legal standpoint. Considering the second *Case* factor, Plaintiff's counsel was not required to pursue a great number of strategies to resolve this case. Although the issue raised may have been factually intensive, it was not legally complicated. Under the third *Case* factor, it does not appear that Plaintiff's counsel was required to respond to maneuvering from the Commissioner. As for the final *Case* factor, Plaintiff's Legal Team did expend some

---

[61] *Utah Physicians*, 2021 WL 254268, at *3 (quoting *Case*, 157 F.3d at 1250).

[62] 488 F.2d 714, 717-19 (5th Cir. 1974) (stating that when considering the reasonableness of attorney fees, the court should consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases); *see also Gottlieb v. Barry*, 43 F.3d 474, 482 (10th Cir. 1994) (stating that the Tenth Circuit applies the twelve *Johnson* factors in statutory fee cases).

[63] *See, e.g.*, *Timothy H. v. Kijakazi*, No. 2:21-cv-00695-DBP, ECF No. 2; *Anthony G. v. Kijakazi*, No. 2:21-cv-00623-JCB, ECF No. 4; *Nicole A. v. Kijakazi*, 2:21-cv-00270-DAO, ECF No. 2; *Beth S. v. Kijakazi*, No. 2:21-cv-00265-CMR, ECF No. 2; *Crystal C. v. Kijakazi*, No. 2:21-cv-00264-JCB, ECF No. 3.

excessive and duplicative hours and bill for non-compensable time, which the court will discuss below.

Next, the court addresses the *Johnson* factors. First, as explained below, Plaintiff's Legal Team's claimed number of hours exceed the number of hours required to accomplish the tasks related to those hours. Second, as noted above, this case did not involve novel or difficult questions of law. Third, the court is not persuaded that the skill required to bring this case to a resolution justifies all the Legal Team's claimed hours because of the lack of complexity of the case. Fourth, given the total number of hours Plaintiff's Legal Team spent on this case, this case does not appear to have precluded work on other matters to a high degree. Fifth, although the court has accepted the Legal Team's hourly rates as reasonable, the total amount of fees Plaintiff seeks is above the customary fee for this type of case. Sixth, because this case involves an award of fees under the EAJA, the fee is contingent, which required Plaintiff's counsel to prosecute the case with some risk that fees and costs would not be recoverable. Thus, the sixth factor weighs in favor of Plaintiff's counsel. Seventh, Plaintiff's counsel does not appear to have been under any time limitations in this case. Eighth, although Plaintiff's counsel obtained a successful result in this case, the court is unaware of the amount involved with Plaintiff's underlying claim. Accordingly, the court does not consider that factor. Ninth, Plaintiff's counsel is well qualified and experienced; however, the Legal Team's claimed hours are excessive, as will be discussed below. Tenth, given that Plaintiff's counsel has filed numerous cases similar to Plaintiff's in this court, it does not appear that Plaintiff's counsel views Plaintiff's case as being undesirable. Eleventh, the court is unaware of the nature and length of Plaintiff and her counsel's professional relationship and, therefore, does not consider that factor. Finally, recent federal court decisions in

the Tenth Circuit demonstrate that attorney fee awards in similar cases are much lower than the amount Plaintiff seeks in this case.[64]

Having considered the relevant factors, the court turns to its determination of the reasonableness of the Legal Team's claimed hours. For work leading up to and including Plaintiff's motion for EAJA fees, counsel claims 3 hours of attorney time in 2021,[65] 25.2 hours of attorney time in 2022,[66] and 6.2 hours of paralegal time.[67] Counsel also claims 4.5 hours of attorney time in 2022 for the reply in support of her motion for EAJA fees.[68] As discussed above, the court determines that the Commissioner's position was not substantially justified and concludes that Plaintiff is entitled to an award of fees under the EAJA. However, the court agrees, at least in part, with the Commissioner's argument that Plaintiff's counsel's and paralegals' claimed hours are excessive. Thus, the court reduces certain of the Legal Team's hours as set forth below.

---

[64] *See, e.g.*, *Hardister*, 2022 WL 2304284, at *1-4 (granting in part the plaintiff's request for $10,472.10 in EAJA fees after a remand under sentence four of 42 U.S.C. § 405(g) following the filing of plaintiff's opening brief and awarding the plaintiff $6,559.73 in EAJA fees); *Richards*, 2022 WL 5245307, at *1-3 (granting in part the plaintiff's request for $6,277.60 in EAJA fees after a remand under sentence four of 42 U.S.C. § 405(g) and awarding the plaintiff $5,881.60 in EAJA fees); *Stone*, 2021 WL 9827079, at *1-4 (granting in part the plaintiff's request for $6,197.40 in EAJA fees after a remand under sentence four of 42 U.S.C. § 405(g) and awarding the plaintiff $4,722.60 in EAJA fees); *Hadi v. Kijakazi*, No. 20-CV-02095-REB, 2021 WL 5086066, at *1-3 (D. Colo. Nov. 2, 2021) (awarding the plaintiff $6,730.60 in EAJA fees after a remand under sentence four of 42 U.S.C. § 405(g) following the filing of the plaintiff's opening brief).

[65] ECF No. 31-3 at 2.

[66] *Id.* at 3–4.

[67] ECF No. 31-4 at 2–3.

[68] ECF No. 33-1 at 2.

First, Plaintiff's 24.6 claimed attorney hours related to the motion for review of agency action[69] are excessive given the lack of complexity in this case. Again, Plaintiff's motion for review of agency action raised a single issue. Thus, the court reduces these hours by roughly 25%, or 6 hours for work in 2022.[70]

Second, the court reduces certain of Plaintiff's claimed paralegal and attorney hours to account for time devoted to clerical tasks because "standard clerical tasks are not compensable under the EAJA."[71] Those non-compensable clerical tasks include work related to service of process, entries of appearance, and processing the administrative record.[72] Because such tasks are included in both counsel and paralegals' claimed hours, the court reduces Plaintiff's claimed attorney time by 0.3 hours for work in 2021, attorney time by 0.1 hours for work in 2022, and paralegal time by 1.7 hours.

---

[69] ECF No. 31-2 at 2–4.

[70] *Shelby v. Colvin*, No. CIV-15-174-KEW, 2017 WL 383352, at *2 (E.D. Okla. Jan. 27, 2017) (reducing the plaintiff's counsel's hours related to briefing by 25% because of the "lack of complexity of the issues presented" and because "the preparation time on the briefing [was] a bit bloated").

[71] *Hardister*, 2022 WL 2304284, at *3; *see also Richards*, 2022 WL 5245307, at *2; *Stone*, 2021 WL 9827079, at *3.

[72] *Hardister*, 2022 WL 2304284, at *3 (reducing attorney time claimed related to entries of appearance and issuing and filing the complaint, summons, and civil cover sheet, as well as reducing "the claimed paralegal time by one half to account for time expended on clerical tasks such as file maintenance and bookmarking PDF documents"); *Richards*, 2022 WL 5245307, at *2 (concluding that "[p]reparing a summons and cover sheet and verifying service and executing a return of service is clerical work" that is not compensable under the EAJA (quotations and citation omitted)); *Stone*, 2021 WL 9827079, at *3 (same); *Lann v. Colvin*, No. CIV-14-827-R, 2015 WL 8262223, at *1 (W.D. Okla. Nov. 10, 2015) (same), *report and recommendation adopted*, No. CIV-14-827-R, 2015 WL 8207431 (W.D. Okla. Dec. 7, 2015).

Finally, the court reduces counsel's hours related to the reply in support of Plaintiff's motion for EAJA fees. As stated by the court in *Hardister*, "[t]he Tenth Circuit has noted that 'litigation over attorney fees is singularly unproductive,'"[73] "[a]nd the Supreme Court has advised that a 'request for attorney's fees should not result in a second major litigation.'"[74] Under those principles, the court will reduce counsel's hours connected to the reply by roughly 75%, or 3 hours for work in 2022.[75]

In sum, the court reduces: (1) counsel's claimed work for 2021 by 0.3 hours, resulting in 2.7 total attorney hours for 2021; (2) counsel's claimed hours for work in 2022 by 9.1 hours, resulting in 16.1 total attorney hours for 2022; and (3) paralegals' claimed hours by 1.7 hours, resulting in 4.5 total paralegal hours.[76] Having determined the Legal Team's reasonable hours, the court turns next to calculating the lodestar to determine Plaintiff's EAJA fee award.

---

[73] *Hardister*, 2022 WL 2304284, at *3 (quoting *Cameron v. Barnhart*, 47 F. App'x 547, 551 (10th Cir. 2002)).

[74] *Id.* (quoting *Hensley*, 461 U.S. at 437).

[75] *Id.* (reducing attorney time related to a reply on a motion for EAJA fees by 75% "[b]ased on the strong preferences against litigation over fees, and the fact that this type of litigation does not advance [the plaintiff]'s case, instead focusing on a form of economic relief to improve the financial lot of an attorney"); *see also Alexander v. Astrue*, 222 F. App'x 767, 768-69 (10th Cir. 2007) ("Work expended in the preparation and defense of a fee application is compensable under EAJA. . . . This court, however, has recognized a difference 'between time necessary to prepare and submit an application for fees, and hours spent disputing a fee award. The latter are especially suspect, and may be disallowed in their entirety.'" (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1206 (10th Cir. 1986))).

[76] The court's reduction of Plaintiff's counsel's and paralegals' hours is within its discretion to determine the reasonable number of hours for purposes of the lodestar calculation. *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) ("[T]he district court need not identify and

### III. The Court Awards Plaintiff $5,006.18 in EAJA Fees

As noted above, the court calculates the lodestar by multiplying the reasonable number of hours by a reasonable hourly rate. Thus, Plaintiff's total EAJA fee award $5,006.18, which is calculated as follows: (1) 2.7 attorney hours for work in 2021 multiplied by the 2021 rate of $229.77 per hour, which equals $620.38; (2) 16.1 attorney hours multiplied by the 2022 rate of $244.46 per hour, which equals $3,935.80; and (3) 4.5 paralegal hours multiplied by the rate of $100 per hour, which equals $450.00.

### IV. The Court Awards Plaintiff $24.52 in Expenses

As stated above, the Commissioner objects to Plaintiff's request for $24.52 in expenses, arguing that this is a non-reimbursable cost under 42 U.S.C. § 1920 because Plaintiff is proceeding in forma pauperis in this matter.[77] However, the court finds that certified mailing expenses are not identified as a "cost" in 42 U.S.C. § 1920 and, therefore, are not barred for reimbursement. The EAJA allows for reimbursement of expenses.[78] Therefore, the court grants Plaintiff's request and awards her $24.52 in expenses.

---

justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a request for attorney's fees should not result in a second major litigation." quotations and citations omitted)).

[77] ECF No. 32 at 11.

[78] 28 U.S.C. § 2412(b).

**ORDER**

Based upon the foregoing, the court HEREBY ORDERS:

1. Plaintiff's motion for an award of fees under the EAJA[79] is GRANTED IN PART and DENIED IN PART.

2. Plaintiff is awarded $5,006.18 in fees under the EAJA.

3. Under *Astrue v. Ratliff*,[80] EAJA fees awarded by the court belong to Plaintiff and are subject to offset under the Treasury Offset Program.[81] Thus, the EAJA fee award must be paid to Plaintiff. However, if, after receiving this Memorandum Decision and Order, the Commissioner: (a) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program and (b) agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to Plaintiff's counsel. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid to Plaintiff but delivered to Plaintiff's counsel. If Plaintiff's counsel ultimately receives an award of attorney fees under section 206(b) of the Social Security Act,[82] Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*.[83]

4. Plaintiff is awarded $24.52 in expenses.

---

[79] ECF No. 31.

[80] 560 U.S. 586, 595–98 (2010).

[81] 31 U.S.C. § 3716.

[82] 42 U.S.C. § 406(b).

[83] 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED.

DATED this 8th day of March 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge